UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Cause No. 1:20-CR-12-HAB |
| | ) |
| ADAM BOCK | ) |

**OPINION AND ORDER**

Defendant, within his sentencing memorandum, has objected to the calculation of loss for purposes of an enhancement under USSG § 2B1.1(b)(1)(H). (ECF No. 96 at 2-3). That objection is now fully briefed. (ECF Nos. 98, 99).

**I.      Background Facts**

This case involves the theft of travel trailers in Michigan and Indiana during 2017 and 2018. Twenty-five trailers were stolen in all. The Indiana State Police determined the retail value of the twenty-five trailers to be $753,224.00. (ECF No. 90 at 21).

After the thefts, Defendant sold the trailers at a significant discount. Records obtained by ISP show that Defendant was paid $246,500.00 by two individuals for the purchase of some of the stolen trailers. According to Defendant, all the stolen trailers were eventually found by police and returned to their owners. Defendant, then, effectively suggests that there was no loss but, in any event, asks that the value of the loss for enhancement purposes be set at the amount of the requested restitution: $251,948.59.

**II.     Legal Discussion**

Section 2B1.1(b)(1) of the United States Sentencing Guidelines sets forth a table for enhancing sentences in theft cases based upon the amount of the loss. "Loss" for the purposes of the enhancement is "the greater of actual loss or intended loss." USSG § 2(B)1.1, cmt. 3(A). The

parties dispute the calculation of actual loss. "Actual loss" means "the reasonably foreseeable pecuniary [money] harm that resulted from the offense." *Id*., cmt. 3(A)(i), (iii). "The court need only make a reasonable estimate of the loss. The sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence. For this reason, the court's loss determination is entitled to appropriate deference." *Id*., cmt. 3(C). One of the ways to estimate the loss is to use the fair market value of the property taken. *Id*., cmt. 3(C)(i). The Court must deduct from the calculation of loss "the fair market value of the property returned . . . to the victim before the offense was detected." *Id*., cmt. 3(E)(i). The Government must establish the amount of loss by a preponderance of the evidence. *United States v. Johnson*, 16 F.3d 166, 172 (7th Cir. 1994).

Defendant makes two arguments in support of a reduced loss calculation. First, he argues that the trailer values identified by ISP are "conclusory." (ECF No. 96 at 3). Second, he argues that the amount of the loss must be reduced because "the rightful owners received the travel trailers in question." (ECF No. 99 at 2). The Court finds both arguments unpersuasive.

There is no legal support for Defendant's assertion that he should receive credit for the value of the property returned to the owner. Instead, courts have universally held that the value of the loss is the value of the items taken, even if recovered and returned. *See, e.g.*, *United States v. Choi*, 101 F.3d 92, 93 (9th Cir. 1996); *United States v. Cockerham*, 919 F.2d 286, 289 (5th Cir. 1990); *United States v. Westmoreland*, 911 F.2d 398, 399 (10th Cir. 1990); *United States v. Parker*, 903 F.2d 91, 105 (2nd Cir. 1990). Defendant's objection cannot be sustained on this ground.

Defendant's first argument has more validity, but only just. The Presentence Investigation Report sets forth the retail values of the stolen trailers as determined by the investigating ISP officer. "When the judge relies on the PSR, '[t]he defendant must do more than merely deny the facts in the report; instead, he must provide some evidence calling into question the accuracy or

reliability of the information in the PSR.'" *United States v. Walton*, 907 F.3d 548, 553 (7th Cir. 2018) (quoting *United States v. Harmon*, 721 F.3d 877, 889 (7th Cir. 2013)). Defendant offers no evidence that calls into question the assigned values of the trailers. He simply calls them "conclusory." They may be, but they are also uncontested. As such, those values may be properly considered in Defendant's sentencing.

"The sentencing court is not an auditing firm expected to conduct an exhaustive inquiry and precise calculation of the amount of loss." *United States v. Qingyou Han*, 479 F. Supp. 3d 783, 786 (N.D. Ind. 2020). While the Government, perhaps, could have provided more information to prove up the value of the stolen trailers, it had no duty to do so where no competing evidence was offered by Defendant. The Court will rely on the information in the presentence investigation report and will sentence Defendant accordingly.

### III.   Conclusion

For these reasons, the Court OVERRULES Defendant's objection to the 14-level enhancement under USSG § 2B1.1(b)(1)(H).

SO ORDERED on April 26, 2022.

                                                       s/Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT